# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DOLORES JEAN GOODBLANKET, <br> Appellant, | DOCKET NUMBER <br> DA-0752-14-0084-I-1 |
| v. | |
| DEPARTMENT OF VETERANS <br> AFFAIRS, <br> Agency. | DATE: November 10, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Johnny Deleon, Big Spring, Texas, for the appellant.

Kenneth S. Carroll, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal for unauthorized access to a medical record and lack of candor.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　The agency removed the appellant from her position as an Administrative Officer in the West Texas VA Health System for unauthorized access to a medical record and lack of candor. Initial Appeal File (IAF), Tab 6 at 17-19 (decision letter), 31-32 (proposal notice). The deciding official found that the appellant had accessed an employee's medical record in the Computerized Patient Record System (CPRS) without authorization or a legitimate business reason, which violated agency privacy and security policies. IAF, Tab 6 at 17-19. The decision letter also upheld the specification in the lack of candor charge, finding that the appellant had testified during a fact finding investigation that she had not accessed the employee's medical record and that this testimony was discredited when the access was confirmed by a Sensitive Patient Access Report (SPAR). *Id.*; *see* IAF, Tab 6 at 38-41. As reflected in the agency fact finding report and the appellant's rebuttal, the appellant opened the CPRS record of fellow employee C.R. in order to find his cellular telephone number after he had called her work extension from that number and recommended that she avoid the human resources

office that day due to a misunderstanding with his wife, another agency employee. *See* IAF, Tab 6 at 23-27, 38-41. The deciding official determined that removal was appropriate and within the range of reasonableness, given the gravity of the sustained charges and the lack of mitigating circumstances. *Id.* at 18.

¶3 The appellant appealed the removal, arguing that the agency did not follow proper protocol, there were disparate penalties for the parties involved, she had no prior disciplinary actions in 5 years of service, and human resources employees at the agency abused their position in making a personal attack against her using agency resources. IAF, Tab 1 at 4-6. During the hearing, the appellant testified that she had misunderstood the question during the fact finding investigation as she did not consider a telephone number part of a medical record but admitted to accessing the CPRS record to find the employee's telephone number. After holding the requested hearing, the administrative judge affirmed the removal action, finding that the agency had proven both charges by preponderant evidence and that removal promoted the efficiency of the service and was reasonable. IAF, Tab 16, Initial Decision (ID).

¶4 On review, the appellant argues that she did not violate the Health Insurance Portability and Accountability Act (HIPPA), or the agency's privacy and security policies, and contends that the agency violated her procedural due process rights in failing to provide her a copy of the SPAR report during the fact finding interview. Petition for Review (PFR) File, Tab 1 at 4. The agency responds that the appellant has not disputed the facts of the case or the administrative judge's presentation of the facts in the initial decision but instead tries to characterize her actions as minor violations. PFR File, Tab 3 at 4-5. The agency maintains that the appellant's lack of candor and "cavalier attitude about patient privacy" affects public trust in the agency, which is charged with ensuring compliance with privacy laws by Congress. *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly sustained the charge of unauthorized access to a medical record.</u>

¶5      On review, the appellant does not deny that she accessed the employee medical record in question but asserts that her actions did not violate HIPPA, the Health Care System Memorandum PO-01—Privacy Policy, or Health Care System Memorandum ISO-09—Automated Information Systems Security Policy "due to her having approved access requirements." PFR File, Tab 1 at 4; *see* IAF, Tab 6 at 83-163. The appellant asserts that she had only the "minimum necessary access level required to carry out [her] authorized functions" and contends that the CPRS system is used for administrative as well as health-related reasons. PFR File, Tab 1 at 6-7. Thus, while the appellant admits accessing C.R.'s CPRS record, she asserts that she did so for a legitimate business reason as she needed to contact the employee, who had no expectation of privacy in the cellular telephone number from which he had called her work extension. *Id*. at 7. The appellant does not address that, in opening that CPRS record, she had access to not only the employee's telephone number but also to his confidential medical records.

¶6      The record indicates that the appellant had no legitimate business reason for accessing the medical record in question, and the agency met its burden of proving unauthorized access by a preponderance of the evidence. The SPAR report of C.R.'s CPRS file shows that the appellant accessed the record on the day in question, and the appellant at no point has disputed the accuracy of the SPAR report. IAF, Tab 6 at 65. Although the appellant maintains that the access was authorized as she needed to find C.R.'s telephone number, she admitted in hearing testimony that the page she viewed containing the telephone number also contained medical information. *See* PFR File, Tab 1 at 6-7; ID at 7. As noted by the administrative judge, the appellant's hearing testimony was contradictory, as at one point she testified that she did not notify her supervisor regarding the

incident because she felt that it was "personal" and "embarrassing" but later claimed a business purpose, testifying that she needed to contact C.R. to clarify the situation as she had to deal with human resources on a daily basis, although she admitted that she did not leave a voicemail or call him back later that day. ID at 7. Thus, we find that the record clearly shows that the appellant accessed the CPRS record in question and that the agency proved that the access was unauthorized as the appellant had no legitimate business purpose for accessing that individual's medical record, even if she sought only to view his contact information. We agree with the administrative judge that preponderant evidence, including the SPAR report and the appellant's own admissions, support this specification and charge.

The administrative judge properly sustained the lack of candor charge.

¶7      On review, the appellant argues that she had no intention of deceiving the fact finding panel and maintains that she inaccurately answered the question of accessing the CPRS record because she misunderstood the question. PFR File, Tab 1 at 9. The appellant further blames her misunderstanding on the agency's failure to inform her of the SPAR report at that time. *Id*. We find that the administrative judge correctly found that the agency proved by preponderant evidence the charge of lack of candor. *See* ID at 8-10.

¶8      An agency may prove lack of candor by showing that the appellant "fail[ed] to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate and complete." *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002). Although lack of candor "necessarily involves an element of deception," it does not require proof of intent to deceive. *Id*. at 1284-85. The appellant does not deny her factually inaccurate response to the question regarding her access of C.R.'s medical record but maintained in both pleadings and testimony that the inaccuracy resulted from her misunderstanding that the informational screen she accessed was part of the

medical CPRS record. *See* IAF, Tab 6 at 21-27. The appellant testified that she realized her misunderstanding after the fact finding interview had concluded and spoke to her union representative. She testified that she did not make any attempt to clarify her response to the fact finders even after the proposed removal, asserting that she did not know that she could offer a clarification. *See* ID at 8-10. In her written response to the proposed removal, the appellant claimed that she "misspoke at the fact finding because of [the] whirlwind of emotions/accusations" levied at her during the interview and surrounding events. IAF, Tab 6 at 26. As noted by the administrative judge, the appellant admitted at the hearing that she knew that CPRS was a medical record at the time she accessed the system. ID at 10.

¶9        We have considered the appellant's arguments regarding her confusion regarding the questioning but discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). The administrative judge noted the testimony of the Information Security Officer that the appellant gave no indication of misunderstanding his questioning during the fact finding interview and that the appellant "did not at any time correct" her misstatement. *See* ID at 8--10. The administrative judge provided adequate reasoning for her finding that the appellant lacked candor when she told the Information Security Officer that she did not access C.R.'s medical record. ID at 8-10. The appellant has not provided sufficiently sound reasons on review to overturn the administrative judge's findings concerning the lack of candor charge. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (the Board must give deference to an administrative judge's credibility determinations when they are based,

explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).

<u>The administrative judge appropriately found that the agency action promotes the efficiency of the service and that the penalty of removal is reasonable.</u>

¶10    On petition for review, the appellant does not appear to challenge, and we discern no reason to disturb, the administrative judge's finding that the appellant's misconduct bears a nexus to the efficiency of the service. *See* PFR File, Tab 1; ID at 10. Rather, the appellant seems to focus on the reasonableness of the penalty, as her petition for review reiterates that she had offered to enter a settlement agreement with the agency for a lesser penalty and she was willing to take a reprimand or 30-day suspension to demonstrate taking responsibility for her actions. PFR File, Tab 1 at 9. However, when all agency charges are sustained, the Board will review the agency-imposed penalty only to determine whether the agency considered the relevant *Douglas*[2] factors and exercised management discretion within tolerable limits of reasonableness. *See Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 7 (2010). The record contains an in-depth analysis by the Chief of Staff of each *Douglas* factor, completed prior to the removal decision. IAF, Tab 6 at 34-36. The decision itself noted that the deciding official had considered factors including the appellant's past work record but that, given the gravity of the sustained charges, mitigation of the proposed removal was not warranted. *Id.* at 18. As discussed by the administrative judge, the deciding official testified that he had considered the *Douglas* factors prior to removing the appellant, focusing on the serious breach of privacy and security in the unauthorized access to the medical record and the loss of trust in the appellant due to her lack of candor in the fact finding investigation.

---

[2] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board presented a nonexhaustive list of 12 relevant factors in determining a penalty for an act of misconduct.

*See* ID at 11. Both the deciding official and the Information Security Officer testified that the appellant had undergone training regarding the agency's security and privacy policies, and the appellant admitted that she had received a warning of such policies on the CPRS sign-in screen.

¶11      The appellant's allegation of disparate penalties is without merit. To establish disparate penalties, the appellant must show that there is "enough similarity between both the nature of the misconduct and the other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently, but the Board will not have any hard and fast rules regarding the 'outcome determinative' nature of these factors." *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶ 20 (2012) (quoting *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 15 (2010)). An appellant's initial showing of disparate penalties triggers an agency's burden to prove a legitimate reason for the difference in treatment between the appellant and other employees. *Boucher*, 118 M.S.P.R. 640, ¶ 24. During the hearing, the deciding official testified that the agency had removed other employees for unauthorized access to medical records. The appellant and her representative asserted in pleadings and testimony that the spouse of the employee, whose CPRS record the appellant accessed, violated the same policies by entering her husband's network account. *See* IAF, Tab 12 at 7-8. During cross-examination by the appellant's representative, the deciding official testified that a password violation is not the same misconduct as unauthorized access to CPRS, which indicates HIPPA violations with statutory monetary penalties imposed on the agency. We find that the appellant has not made an initial showing of disparate penalties and note that the appellant submitted no evidence of similarly-situated comparators. Accordingly, we find that the administrative judge properly considered whether the deciding official evaluated the relevant *Douglas* factors and correctly

determined that the penalty of removal did not exceed the tolerable limits of reasonableness.

¶12    On review, the appellant argues that the agency violated her right to due process by failing to inform her of the SPAR report, used as evidence against her, prior to the fact finding interview. PFR File, Tab 1 at 8. The summary of the prehearing conference noted that the appellant raised no affirmative defenses and did not discuss due process as an issue in dispute. IAF, Tab 14. The appellant filed no objection or motion to supplement the memorandum prior to the hearing. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶13    Even assuming that the issue of due process is properly before the Board, we find no merit to the appellant's argument, which cites but mischaracterizes relevant Board precedent. A federal employee is entitled to due process, including notice and a meaningful opportunity to respond, prior to being removed. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999). The appellant makes no allegation of an ex parte communication by the agency to the deciding official after the proposed notice of removal or that the agency failed to respond to a request for documents. *See Stone*, 179 F.3d at 1372-73. The appellant submitted a copy of the proposal of removal in her initial appeal, indicating the SPAR report used as evidence in the lack of candor specification and notifying the appellant of her right to review the evidence. *See* IAF, Tab 1 at 9-10. The appellant presents no authority for her position that due process required the agency to inform her of all relevant evidence prior to the fact finding interview to prevent her from making inaccurate statements. The record shows that the appellant received notice of the SPAR

report in the proposed removal and notice of her right to review the evidence, and there is no indication of ex parte communications with the deciding official. PFR File, Tab 1 at 8. Thus, the record indicates that the appellant had a meaningful opportunity to respond to the proposed removal and was not denied due process.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.